**IN THE UNITED STATES DISTRICT COURT**

**DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

    Plaintiff,

v.   No. CR 07-1335 LH

KEITH STEADMAN,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant Keith Steadman's Motion to Dismiss Indictment Without Prejudice on the Basis that the Current United States Attorney has been Unconstitutionally Appointed (Doc. 31, filed Jan. 30, 2008). The Court, having reviewed the motion, the briefs, and the relevant law, finds the motion is without merit and will be denied.

**I.   BACKGROUND**

David C. Iglesias, former United States Attorney for the District of New Mexico, resigned his position effective February 28, 2007. In the immediate wake of Mr. Iglesias' resignation, First Assistant United States Attorney Larry Gomez became Acting United States Attorney under the Vacancies Reform Act, 5 U.S.C. § 3345(a)(1). On September 26, 2007, Acting Attorney General Peter D. Keisler appointed Mr. Gomez as United States Attorney under 28 U.S.C. § 546(a). Mr. Gomez's appointment expired on January 25, 2008, as provided by 28 U.S.C. § 546(c)(2). On January 25, 2008, a majority of the Article III judges of the United States District Court for the District of New Mexico exercised the Court's authority under 28 U.S.C. § 546(d) and appointed Gregory J. Fouratt as the United States Attorney for the District, effective January 25, 2008. *See*

*In re: Appointment of United States Attorney*, Misc. No. 08-14 (D.N.M. Jan. 25, 2008) (Administrative Order).

The grand jury returned an indictment in this case on June 26, 2007, at which time Mr. Gomez was the Acting United States Attorney. *See* Indictment (Doc. 13). A career Assistant United States Attorney signed the indictment. *See id.* On January 30, 2008, Defendant filed a motion to dismiss his indictment without prejudice based on the allegedly unconstitutional appointment of Mr. Fouratt. Defendant argues that 28 U.S.C. § 546(d) is unconstitutional, both facially and as applied, because it violates the constitutional principle of separation of powers and the Appointments Clause.

## II.   STATUTORY STRUCTURE FOR APPOINTMENT OF UNITED STATES ATTORNEYS

Congress has generally vested the appointment of United States Attorneys in the President of the United States, by and with the advice and consent of the Senate. 28 U.S.C. § 541(a). "Each United States attorney is subject to removal by the President." *Id.* § 541(c). When a vacancy arises, the Attorney General may appoint a United States Attorney. *Id.* § 546(a). A United States Attorney appointed by the Attorney General under § 546(a) may serve until the earlier of "the qualification of a United States attorney for such district appointed by the President under section 541 of this title" or "the expiration of 120 days after appointment by the Attorney General under this section." *Id.* § 546(c). After the appointment by the Attorney General expires, "the district court for such district may appoint a United States attorney to serve until the vacancy is filled." *Id.* § 546(d).[1]

---

[1] In 2006, Congress briefly amended § 546 by omitting subsection (d) and rewriting subsection (c) to allow a United States Attorney appointed by the Attorney General to serve until the qualification of a United States Attorney appointed by the President. *See* Pub. L. 109-177, 120 Stat. 246 (2006). Congress quickly restored both the 120-day limitation to the Attorney General's appointment and the district court's authority to appoint a United States Attorney upon the expiration of the 120-day period. *See* Pub. L. 110-34, 121 Stat. 224 (2007).

An Assistant United States Attorney ("AUSA") is appointed by the Attorney General to aid the United States Attorney in carrying out his or her duties. 28 U.S.C. § 542(a); *Nadler v. Mann*, 951 F.2d 301, 305 (11th Cir. 1992). The Attorney General directs not only all United States attorneys, but also all AUSAs, in the discharge of their respective duties. 28 U.S.C. § 519. Each AUSA is subject to removal by the Attorney General. *Id.* § 542(b).

### III. LACK OF STANDING TO CHALLENGE CONSTITUTIONALITY OF 28 U.S.C. § 546(d)

Strikingly absent in this case is argument by Defendant contesting the validity of his indictment, which was returned prior to the appointment of Mr. Fouratt and signed by an AUSA. Defendant apparently concedes that his indictment is valid. Indeed, Federal Rule of Criminal Procedure 7(c) merely requires an indictment to be "signed by an attorney for the government." Fed. R. Crim. P. 7(c). The Federal Rules of Criminal Procedure define an "Attorney for the government" as the Attorney General or an authorized assistant, a United States attorney or an authorized assistant, or any other attorney authorized by law to conduct proceedings under these rules as a prosecutor. Fed. R. Crim. P. 1(b)(1). The Attorney General not only appoints AUSAs but he or she also supervises them in carrying out their duties. AUSAs thus are "attorneys for the government" who derive their power to prosecute directly from the Attorney General, not from the United States Attorney. *See United States v. Hilario*, 218 F.3d 19, 22 (1st Cir. 2000) ("AUSAs are themselves representatives of the government" and "their ability to act does not hinge on the authority of the local United States Attorney, but derives from the Attorney General's plenary power over litigation to which the United States is a party"). Consequently, even if Mr. Fouratt's appointment were unconstitutional, his appointment would not affect the validity of the indictment. *See United States v. Gantt*, 194 F.3d 987, 998 (9th Cir. 1999) ("The constitutionality of § 546(d)

would not affect the validity of indictments, by contrast, as indictments need only be signed by an 'attorney for the government.'"); *United States v. Kouri-Perez*, 47 F.Supp.2d 164, 166 (D. Puerto Rico 1999) (refusing to dismiss indictment, even if appointment of United States Attorney were unconstitutional, because AUSA signed indictment and thus it was not legally flawed).

Defendant nevertheless contends that "important decisions regarding the case, including whether to offer a plea or whether to dismiss the case, or whether to seek a superseding indictment will all be decided under the supervision" of Mr. Fouratt, and thus, his continued prosecution is unconstitutional. *See* Def.'s Reply (Doc. 34, filed Feb. 20, 2008) at 9-10. Defendant cites no authority for his position that such conjectural, speculative involvement by Mr. Fouratt requires dismissal of the indictment now in order to prevent further prosecution and potential involvement by Mr. Fouratt later. Defendant also fails to explain how Mr. Fouratt's supervision over decisions, such as whether to offer a plea or dismiss the case, would injure Defendant, especially in light of the fact that the Attorney General directs both Mr. Fouratt and the AUSAs in the case in the discharge of their respective duties. Because the indictment is not legally flawed and Defendant claims no other concrete, personal injury, even if the Court were to determine that the judicial appointment of Mr. Fouratt violated the Constitution, dismissal of the indictment is not the appropriate remedy, and Defendant therefore lacks standing to challenge the constitutionality of 28 U.S.C. § 546(d) and Mr. Fouratt's appointment. *See United States v. Suescun*, 237 F.3d 1284, 1287 (11th Cir. 2001) ("An appointment of a United States Attorney that is not made as provided by the Appointments Clause does not affect the Government's power to prosecute."); *United States v. Rose*, __ F.Supp.2d __, 2008 WL 586332, *7-8 (D.N.M. Feb. 29, 2008) (holding that Defendant has no standing to challenge constitutionality of § 546 based on Court's interim appointment of United States Attorney for District because his indictment was duly signed by grand jury foreperson and

4

AUSA acting under and on behalf of former United States Attorney who was appointed by Attorney General); *United States v. Tafoya*, No. Cr. 07-697 MCA, slip op. at 5 (D.N.M. Feb. 15, 2008) (declining to address constitutional claims presented where defendant's indictment was completely legal); *Kouri-Perez*, 47 F.Supp.2d at 166 (same).

## IV.   CONSTITUTIONALITY OF 28 U.S.C. § 546(d) FACIALLY AND AS APPLIED

Even if Defendant's challenge constitutes an Article III "controversy" conveying standing to raise this issue, both his facial and as-applied challenges to the constitutionality of § 546 fail.

### A.   Standard

An as-applied challenge seeks a determination of whether a particular statute is constitutional as applied in the circumstances of the case. *See United States v. Castillo*, 140 F.3d 874, 879 (10th Cir. 1998). In contrast, a facial challenge requests the court to go beyond the facts and consider whether the law is unconstitutional in the abstract. *See id.* "A facial challenge to a legislative Act is . . . the most difficult challenge to mount successfully." *United States v. Salerno*, 481 U.S. 739, 745 (1987); *United States v. Grimmett*, 439 F.3d 1263, 1271 (10th Cir. 2006). *See also Sabri v. United States*, 541 U.S. 600, 608-09 (2004) (discouraging facial challenges). "[I]t is the duty of federal courts to construe a statute in order to save it from constitutional infirmities." *Morrison v. Olson*, 487 U.S. 654, 682 (1988). "[T]he elementary rule is that every reasonable construction must be resorted to, in order to save a statute from unconstitutionality." *Gonzales v. Carhart*, __ U.S. __, 127 S.Ct. 1610, 1631 (2007) (internal quotations omitted and alteration in original).

### B.   Section 546(d) Does Not Violate the Appointments Clause or the Separation-of-Powers Doctrine

The Appointments Clause of the United States provides:

[The President] shall nominate, and by and with the Advice and Consent of the Senate, shall appoint Ambassadors, other public Ministers and Consuls, Judges of

> the supreme Court, and all other Officers of the United States, whose Appointments are not herein otherwise provided for, and which shall be established by Law: but the *Congress may by Law vest the Appointment of such inferior Officers, as they think proper*, in the President alone, *in the Courts of Law*, or in the Heads of Departments.

U.S. Const. art. II, § 2, cl. 2 (emphasis added). The Clause allows Congress to permit the President, the courts, or the heads of departments to appoint "inferior officers," without the need for confirmation, for purposes of administrative convenience. *See Edmond v. United States*, 520 U.S. 651, 660 (1997). The Supreme Court has defined an "inferior officer" as one "whose work is directed and supervised at some level by others who were appointed by Presidential nomination with the advice and consent of the Senate." *Id.* at 663.

Congress' power to provide for interbranch appointments of "inferior officers," however, is not unlimited. *See Morrison*, 487 U.S. at 675. Congress' decision to vest the appointment power of "inferior officers" in the courts would be improper (1) if there were some "incongruity" between the functions normally performed by the courts and the performance of their duty to appoint, or (2) if the appointment impaired the constitutional functions of the executive branch. *See id*. at 675-76; *Hilario*, 218 F.3d at 26.[2]

### 1. A United States Attorney is an "Inferior Officer"

Defendant does not contest that a United States Attorney is an "inferior officer." *See* Def.'s Mot. (Doc. 31) at 7, 9. Indeed, numerous courts have expressly concluded that United States

---

[2]Defendant urges the Court to adopt Justice Scalia's two-part test for determining whether the separation-of-powers doctrine has been violated that is set forth in his dissent in *Morrison*, 487 U.S. at 705. This Court will not adopt a test advocated by a single dissent in the face of the majority opinion that has not been overruled, but instead, continues to be followed as applicable precedent. *See United States v. Hatter*, 532 U.S. 557, 567 (2001) (indicating that it is duty of lower courts to follow precedent of Supreme Court until Court itself overrules its precedent); *United States v. Moore*, 401 F.3d 1220, 1224 (10th Cir. 2005) (refusing to consider continuing viability of Supreme Court precedent because it is bound by existing precedent).

Attorneys are "inferior officers."  *See*, *e.g.*, *Hilario*, 218 F.3d at 25; *Gantt*, 194 F.3d at 999.  As cogently explained by the First Circuit:

> Congress has ceded to the Attorney General plenary authority over United States Attorneys.  *See* 28 U.S.C. § 519; *see also id.* § 516 (reserving litigation on behalf of the United States to officers of the Department of Justice "under the direction of the Attorney General").  They are subject to much closer supervision by superiors than, say, the judges of the Coast Guard Court of Criminal Appeals, whom the *Edmond* Court classified as inferior officers "by reason of the supervision [of others] over their work."  520 U.S. at 666, 117 S.Ct. 1573.  The Attorney General can remove a United States Attorney from participation in particular cases whenever she believes that it would be "in the interests of the United States" to do so.  28 U.S.C. § 518(b).  Indeed, she is empowered to determine the location of a United States Attorney's offices, *see id.* § 545(b), to direct that he file reports, *see id.* § 547(5), to fix his salary, *see id.* § 548, to authorize his office expenses, *see id.* § 549, and to approve his staffing decisions, *see id.* § 550.  Under so pervasive a supervisory regime, United States Attorneys plainly pass the *Edmond* test.  *Accord Gantt*, 194 F.3d at 999-1000.

*Hilario*, 218 F.3d at 25.  Based on the foregoing reasons, the Court concludes that the United States Attorney is an "inferior officer."  This conclusion, however, does not end the inquiry, because the appointment must not be "incongruous" with judicial functions or unduly infringe on executive functions.

### 2.  Judicial appointment of a United States Attorney is not incongruous with judicial functions

The Supreme Court in *Morrison* specifically rejected the argument urged by Defendant here that it is incongruous for a district court to appoint a prosecutor.  *See Morrison*, 487 U.S. at 676 ("We thus disagree with the Court of Appeals' conclusion that there is an inherent incongruity about a court having the power to appoint prosecutorial officers.").  In holding that it was not incongruous to place the appointment of an independent counsel in the judicial branch, the *Morrison* Court explained:

> We have recognized that courts may appoint private attorneys to act as prosecutor for judicial contempt judgments. . . . [W]e approved court appointment of United

7

> States commissioners, who exercised certain limited prosecutorial powers. . . . [W]e indicated that judicial appointment of federal marshals, who are "executive officer[s]," would not be inappropriate. Lower courts have also upheld interim judicial appointments of United States Attorneys . . . and Congress itself has vested the power to make these interim appointments in the district courts, see 28 U.S.C. § 546(d) (1982 ed., Supp. V).

*Id.* at 676-77. The Supreme Court acknowledged, "Indeed, in light of judicial experience with prosecutors in criminal cases, it could be said that courts are especially well qualified to appoint prosecutors." *Id.* at 676 n.13. The *Morrison* Court also noted the longstanding judicial practice of appointing defense attorneys for individuals who are unable to afford representation, notwithstanding that the appointed attorney may appear in court before the judge who appointed him. *Id.* at 677 n.14.

Other courts, relying on *Morrison*, have similarly held that the judicial appointment of a United States Attorney does not create an incongruity. *See*, *e.g.*, *Hilario*, 218 F.3d at 27; *Gantt*, 194 F.3d at 1000. As the First Circuit aptly explained:

> [J]udges' appointment of an interim United States Attorney assists the functioning of the court: at bottom, it assures the skillful processing of cases in which the United States is a party. And, moreover, just as judicial appointment of defense counsel has not fostered the belief that courts are biased in favor of either the lawyers whom they appoint or the criminal defendants whom those lawyers represent, so too judicial appointment of a prosecutor is unlikely to foster the belief that the court is biased in favor of the government.

*Hilario*, 218 F.3d at 29 (internal citation omitted). For these reasons, the Court concludes that judicial appointment of a United States Attorney does not impede the proper functioning of the judicial branch.

### 3. Judicial appointment of a United States Attorney does not unduly interfere with executive functions

The Appointments Clause specifies that Congress may delegate the appointments "as they think proper." U.S. Const. art. II, § 2, cl. 2. Congress' choice of whom to delegate the appointment

power thus deserves appreciable deference. *See Ex parte Siebold*, 100 U.S. 371, 397-98 (1879) ("But as the Constitution stands, the selection of the appointing power, as between the functionaries named, is a matter resting in the discretion of Congress."). Congress' ability to vest the appointment of inferior officers in the President, the courts, or the head of a department, without Senate confirmation, is nonetheless limited by the separation-of-powers doctrine. *See Morrison*, 487 U.S. at 675-76; *Hilario*, 218 F.3d at 26. The Framers designed the system of checks and balances between the three coequal branches of government in order to safeguard against the encroachment of one branch at the expense of the other. *See Morrison*, 487 U.S. at 693. Although the Supreme Court has repeatedly reaffirmed the importance of the separation-of-powers doctrine to the preservation of liberty, it has never held that the Constitution requires that the three branches operate with complete independence. *See id.* at 693-94; *Mistretta v. United States*, 488 U.S. 361, 380 (1989) ("[T]he Framers did not require – and indeed rejected – the notion that the three Branches must be entirely separate and distinct."). Statutory provisions that commingle to some degree the functions of the branches, but that pose no danger of either aggrandizement or encroachment, do not offend the Constitution. *See Mistretta*, 488 U.S. at 382. An interbranch appointment, however, is unconstitutional if it impairs the constitutional functions assigned to one of the branches. *See Morrison*, 487 U.S. at 675-76.

Article II of the Constitution states: "The executive Power shall be vested in a President of the United States of America." U.S. Const. art. II, § 1, cl. 1. While it is undisputed that the power to prosecute is an executive function, merely appointing a prosecutor, who is an inferior officer, is not in itself a usurpation of an executive function. *See Morrison*, 487 U.S. at 695 ("[T]he power to appoint inferior officers such as independent counsel is not in itself an 'executive' function in the constitutional sense, at least when Congress has exercised its power to vest the appointment of an

9

inferior office in the 'courts of Law.'"). The district court only acquires the power to appoint a United States Attorney after the executive branch defaults on its authority to make the appointment. Moreover, once the district court makes the appointment, § 546(d) does not confer upon the judiciary any supervisory authority over the United States Attorney after his appointment. *See* 28 U.S.C. § 546(d); *Hilario*, 218 F.3d at 27. Nor does the statute empower the court to remove the United States Attorney whom it appointed. *See* 28 U.S.C. § 546(d); *Hilario*, 218 F.3d at 27 (§ 546(d) neither grants district court authority to supervise or remove interim United States Attorney whom it appointed); *Rose*, __ F.Supp.2d __, 2008 WL 586332 at *3 ("Nothing in the plain language of Section 546(d) grants the district court any power to infringe upon the President's prerogative and remove an interim United States Attorney after he is appointed.").

Rather, the Attorney General continues to have the authority to direct the United States Attorney and all other AUSAs in the discharge of their respective duties, *see* 28 U.S.C. § 519, to divest the United States Attorney of authority to act in a given case, *see id.* § 518(b), and to direct the conduct of litigation in which the United States is a party, *see id.* § 516. The President may override the court's decision and remove the interim United States Attorney. *See id.* § 541(c) ("*Each* United States attorney is subject to removal by the President.") (emphasis added). The President also has the right to nominate a United States Attorney whose confirmation by the Senate will automatically oust the judicially appointed United States Attorney. *See id.* § 546(d); *Hilario*, 218 F.3d at 27. As explained by the Ninth Circuit in holding that § 546(d) does not unconstitutionally encroach upon the executive branch: "The judicial branch is not required to appoint a United States Attorney; it is simply empowered to do so. More importantly, the President retains the power to replace the court-appointed United States Attorney with an Attorney appointed by the President and confirmed by the Senate." *Gantt*, 194 F.3d at 1000. *See also United States v.*

*Solomon*, 216 F.Supp. 835, 842-43 (S.D.N.Y. 1963) (rejecting separation-of-powers challenge to judicial appointment of interim United States Attorney because, among other reasons, judiciary's appointment is only temporary and is not binding on Executive who can act at any time to fill the position and oust judiciary's appointment). The statute therefore does not result in any judicial usurpation of executive functions or undermine the powers of the executive branch. *Cf. Morrison*, 487 U.S. at 695 (holding that judicial power to appoint independent counsel does not usurp or undermine executive functions); *Hilario*, 218 F.3d at 27 ("[T]he judicial appointment of interim United States Attorneys does not impermissibly encroach on executive powers."); *United States v. Baldwin*, No. Cr. 07-2240 JB, slip op. at 65 (D.N.M. Feb. 26, 2008) (holding that § 546(d) is consistent with separation-of-powers doctrine because it results neither in unconstitutional accumulation of power in judicial branch nor imposition of proper functioning of that branch).

      **C.**    **The Court's Appointment of Mr. Fouratt to the Position of United States Attorney is Not Unconstitutional**

Defendant's as-applied challenge fails for similar reasons as his facial challenge. Mr. Fouratt is subject to the same supervision by the Attorney General as all other United States Attorneys, and thus, he is an "inferior officer" within the meaning of the Appointments Clause. There is nothing unique to his appointment that would implicate any additional separation-of-powers concerns. Mr. Fouratt is accountable to the executive branch, not the Court, and the Court's appointment of him is not incongruous with the Court's judicial functions. *See Baldwin*, No. Cr. 07-2240 JB, slip op. at 66-68 (rejecting as-applied challenge to constitutionality of Mr. Fouratt's appointment under § 546).

**IT IS THEREFORE ORDERED** that Defendant Steadman's Motion to Dismiss Indictment without Prejudice on the Basis that the Current United States Attorney has been Unconstitutionally Appointed (Doc. 31) is **DENIED**.

_____
**SENIOR UNITED STATES DISTRICT JUDGE**